UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 16 cr 290 |
| v. | Filed: |
| GEO SPECIALTY CHEMICALS, INC., | Violation: 15 U.S.C. § 1 |
| Defendant. | |

------------------------------------x

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice ("United States" or "Antitrust Division") and the defendant, GEO SPECIALTY CHEMICALS, INC. ("GEO" or "defendant") hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1. GEO will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in the United States District Court for the District of New Jersey to a one-count Information, in the form attached, in which it is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy to rig bids and allocate customers for, and to fix the price of, liquid aluminum sulfate supplied to municipalities and pulp and paper manufacturers in the United States from at least as early as 1997 and continuing until approximately February 2011.

2. GEO has entered into a waiver of the statute of limitations to allow it to be charged as described in the Information and Agreement.

3. GEO agrees to waive any claim, objection, defense and right to file any appeal relating to the imposition of a fine or the payment of any fine imposed pursuant to its guilty plea in this matter on the basis of bankruptcy or related proceedings discharging liabilities.

4. GEO agrees to waive the statute of limitations as a defense to the offense charged in the Information or as a defense to any such offense that may be charged in an Indictment should GEO not plead guilty to the Information. The waiver of the statute of limitations will continue until one year from the date of signature of this Agreement.

## GOVERNMENT'S AGREEMENT

5. Upon the Court's acceptance of the guilty plea called for by this Agreement, the United States will not bring further criminal charges against GEO for any act or offense committed prior to the date of signature of this Agreement that was in furtherance of any agreement to rig bids and allocate customers for, and to fix the price of, liquid aluminum sulfate supplied to municipalities and pulp and paper companies in the United States. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws or conspiracy to commit such offenses, or to any crime of violence.

6. It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice.

## POSSIBLE MAXIMUM PENALTIES

7.     GEO understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of: $100 million; twice the gross pecuniary gain the conspirators derived from the crime; or twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1 and 18 U.S.C. §§ 3571(c) and (d)).

8.     In addition, the defendant understands that:

   a.     pursuant to §8D1.2(a)(1) of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

   b.     pursuant to U.S.S.G. § 8B1.1 or 18 U.S.C. §§ 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

   c.     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

9.     GEO understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence. GEO understands that the Court will make Sentencing Guidelines determinations by a preponderance of the evidence standard. GEO understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

10.     GEO understands that the sentence to be imposed on it is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. GEO acknowledges that the entry of its guilty plea to the charged offense authorizes the sentencing judge to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence GEO will receive. GEO understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with the parties' joint sentencing recommendation, as set forth in Paragraph 10 of the attached Schedule A, which is hereby made a part of this Agreement, it nevertheless has no right to withdraw its plea of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; and (b) the nature and extent of GEO's activities with respect to this case, and all other activities of GEO which the United States deems relevant to sentencing. In so doing, the United States may use any information it deems relevant, including information provided by GEO both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of GEO therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of GEO, and to supply any other information that the Court may require.

11. The United States and GEO agree to stipulate at sentencing to the statements set forth in the attached Schedule A. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into the by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the United States is based on the information and evidence that the United States possesses as of the date of this Agreement. Thus, if the United States obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the United States shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the United States or GEO from any other portion of this Agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

12. As set forth in Schedule A, the United States and GEO agree on the volume of commerce affected by the conspiracy charged in the Information and attributable to GEO, and on the fine range called for under the Sentencing Guidelines.

13. Notwithstanding the Sentencing Guidelines calculations and resulting fine range described in Schedule A, the United States and GEO stipulate and agree that, consistent with the standards set forth in U.S.S.G. §§ 8C2.2(b) and 8C3.3, GEO cannot and is not likely to become

able (even on an installment schedule) to pay the minimum fine provided by the otherwise applicable Sentencing Guidelines.

14.     Based on their assessments of GEO's inability to pay the minimum fine called for by the otherwise applicable Sentencing Guidelines, and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and GEO agree that the appropriate disposition of this case is, and respectfully request jointly that the Court impose, a sentence in the form set forth in Paragraph 10 of Schedule A.

15.     The United States and GEO respectfully request jointly that the Court accept GEO's guilty plea and impose sentence on an expedited schedule, as early as the date of arraignment. The United States and GEO jointly submit that this Agreement, together with the record that will be created by the United States and GEO at the plea and sentencing hearing and the presentence report will provide sufficient information concerning GEO, the crime charged in this case, and GEO's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The Court's denial of the request to impose sentence on an expedited schedule will not void this Agreement.

16.     In light of the availability of civil causes of action, in the District of New Jersey and elsewhere, which potentially provide for a recovery of a multiple of actual damages, the joint sentencing recommendation of the United States and GEO does not include an order of restitution for the offense charged in the Information.

17.     If the sentencing court accepts the joint sentencing recommendation of the United States and GEO set forth in Schedule A, both parties waive the right to any appeal, collateral attack, writ, or motion claiming that the sentencing court erred in entering the sentence.

18. The United States acknowledges that, on March 15, 2012, GEO adopted an antitrust compliance program designed to prevent and detect the conduct alleged in the Information. GEO agrees to continue to implement its program and, for a period of five years, shall report to the Antitrust Division on its compliance and remediation program. The report shall be due on the anniversary date of the entry of GEO's plea and shall include information about the structure of its compliance and remediation program, training that occurred during the prior year, and any non-privileged compliance information specifically requested by the Antitrust Division.

19. GEO understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of the sentence.

## REPRESENTATION BY COUNSEL

20. GEO has reviewed all legal and factual aspects of this case with its attorneys and is fully satisfied with its attorneys' legal representation. GEO has thoroughly reviewed this Agreement with its attorneys, and has received satisfactory explanations from its attorneys concerning each paragraph of this Agreement and alternatives available to it other than entering into this Agreement. After conferring with its attorneys and considering all available alternatives, GEO has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

21. GEO's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States

has made no promises or representations to GEO as to whether the Court will accept or reject the recommendations contained within this Agreement.

## ENTIRETY OF AGREEMENT

22. This Agreement constitutes the entire agreement between the United States and GEO concerning the disposition of the criminal charge contained in this case. This Agreement cannot be modified except in writing, signed by the parties.

23. The undersigned is authorized to enter this Agreement on behalf of GEO as evidenced by the Resolution of GEO's Board of Directors, which is attached to, and incorporated by reference in, this Agreement.

24. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Respectfully submitted,

Dated: June 16, 2016

GEO SPECIALTY CHEMICALS, INC.

By: _____
STUART WELBURN
GEO's Outside Counsel and
　　Duly Authorized Representative

_____
JAMES H. MUTCHNIK, ESQ.
Kirkland & Ellis LLP
Counsel for GEO SPECIALTY CHEMICALS, INC.

_____
PATRICIA L. JANNACO
MARY ANNE F. CARNIVAL
FRANK A. CAVANAGH
SEAN FARRELL

Trial Attorneys, Antitrust Division
United States Department of Justice
26 Federal Plaza, Suite 3630
New York, New York  10278
Tel.:  (212) 335-8034
Fax:  (212) 335-8023
Email: patricia.jannaco@usdoj.gov

<u>PLEA AGREEMENT WITH GEO SPECIALTY CHEMICALS, INC.</u>

<u>SCHEDULE A</u>

1. The United States and GEO Specialty Chemicals, Inc. ("GEO") recognize that the United States Sentencing Guidelines are not binding on the Court. The United States and GEO nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2015 applies in this case.

<u>SENTENCING GUIDELINES CALCULATIONS</u>

3. The offense with which GEO is charged is a violation of 15 U.S.C. § 1. The applicable guideline for that offense is U.S.S.G. § 2R1.1.

4. The United States and GEO agree that, pursuant to U.S.S.G. § 2R1.1, the volume of commerce affected by the conspiracy and attributable to GEO is $152,798,166.

5. The base fine called for by the Sentencing Guidelines is twenty percent (20%) of the volume of commerce affected by the conspiracy and attributable to GEO, or $30,559,633. U.S.S.G. § 2R1.1(d)(1).

6. The base culpability score to be applied to calculate the fine range is 5. U.S.S.G. § 8C2.5(a).

7. The base culpability score is to be reduced by one (1) point, resulting in a culpability score of 4, because GEO has clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct. U.S.S.G. § 8C2.5(g)(3).

8. The minimum and maximum multipliers applicable to a culpability score of 4 are 0.80 and 1.60, respectively. U.S.S.G. § 8C2.6.

9. Application of the minimum and maximum multipliers to the base fine results in a Sentencing Guidelines fine range of $24,447,706 to $48,895,413. U.S.S.G. § 8C2.7(a) and (b).

## JOINT SENTENCING RECOMMENDATION

10. The United States and GEO agree that the fine to be imposed is within the sole discretion of the sentencing judge. However, the United States and GEO agree that, based on the parties' assessments that GEO cannot and is not likely to become able to pay the minimum fine called for by the Sentencing Guidelines, a fine of $5,000,000, paid in installments, is the appropriate sentence. U.S.S.G. § 8C3.3(b). The parties, therefore, agree to jointly recommend that the sentencing judge sentence GEO to pay a fine of $5,000,000, payable in six (6) installments, as follows:

   a. $50,000 to be paid within thirty (30) days of the sentencing date;
   b. $100,000 to be paid no later than the first anniversary of the sentencing date;
   c. $100,000 to be paid no later than the second anniversary of the sentencing date;
   d. $250,000 to be paid no later than the third anniversary of the sentencing date;
   e. $1,250,000 to be paid no later than the fourth anniversary of the sentencing date;
   f. $3,250,000 to be paid no later than the fifth anniversary of the sentencing date.

11. GEO understands that payment of the fine in installments is subject to the provisions of 18 U.S.C. § 3612, including the imposition of interest and penalties, in accordance with 18 U.S.C. § 3612(f) and (g).

12. The United States and GEO jointly recommend that, pursuant to U.S.S.G. § 8D1.1(a)(2), the Court impose a term of probation to safeguard GEO's ability to pay the jointly recommended fine in accordance with the payment schedule set forth in Paragraph 10 of this Schedule A.

## LIMITED WAIVER OF APPEAL

13. If the sentencing court accepts a stipulation set forth herein, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.